IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ L. TOLIVER,

       Plaintiff,       OPINION AND ORDER

 v.

                    17-cv-500-wmc

AMY GUNDERSON, CAPTAIN TRITT,
CAPTAIN LARSON, MR. LUDVIGSON,
GAIL WALTZ, DONNA LARSON,
JEFFREY MANLOVE and M. HOWELL,

       Defendants.

---

 *Pro se* plaintiff Cortez Toliver, a prisoner at Waupun Correctional Institution ("Waupun"), is proceeding in this lawsuit against defendants Amy Gunderson, Captain Tritt, Captain Larson, Ludvigson, Dr. Manlove, M. Howell, Gail, Waltz and Donna Larson, on Eighth Amendment deliberate indifference claims challenging their handling of his chronic plantar fasciitis. Before the court is defendants' motion pursuant to 28 U.S.C. § 1406(a) to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #20.) Since venue in this district court is improper, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

OPINION

 Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." "The district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants' motion focuses on whether Toliver's lawsuit satisfies § 1391(b)(2). They point out that Toliver alleges that all defendants were working at Waupun, and the events giving rise to Toliver's claims against defendants took place at Waupun. That institution is located in Waupun, Wisconsin, which is located in Dodge and Fond du Lac Counties, both of which are in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

In opposition, Toliver argues that each defendant is employed by the Wisconsin Department of Corrections ("DOC"), and the DOC's central office is located in Madison, Wisconsin. While that may be true, § 1391(b) does not provide that venue is proper in the district of the central office of a defendant's employer, and Toliver has not alleged that any of the defendants were working in the central DOC office in Madison; instead, he alleges that they all provided care to Toliver at Waupun. Defendants thus have proven that venue is not proper in this court by virtue of § 1391(b)(2).

Still, defendants have not addressed whether any of the defendants reside within this district, so venue may be proper under § 1391(b)(1). To be fair, Toliver did not allege with specificity any of the defendant's residencies, and his opposition brief suggests that he has no reason to believe that venue may be proper under § 1391(b)(1). Nonetheless, as the moving party, defendants have the burden to demonstrate venue is improper. Therefore, the court will require defendants to supplement their motion with evidence related to their residencies. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th

Cir. 2005) (in resolving a motion to dismiss for improper venue, the court may consider allegations in the complaint and information submitted in affidavits).[1] If the court receives nothing from defendants by **March 18, 2020,** the court will deny the motion.

ORDER

IT IS ORDERED that defendants Gunderson, Howell, Larson, Donna Larson, Ludvigson, Manlove, Tritt and Waltz have until **March 18, 2020**, to supplement their motion to dismiss or transfer with evidence related to their residencies within Wisconsin.

Entered this 4th day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] This evidence can come in the form of individual declarations attesting to each defendant's residency, or defendants may submit a declaration from a DOC employee with knowledge of residency based on employment records.