IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ L. TOLIVER,

                     Plaintiff,

    v.

AMY GUNDERSON, CAPTAIN TRITT,
CAPTAIN LARSON, MR. LUDVIGSON,
GAIL WALTZ, DONNA LARSON,
JEFFREY MANLOVE and M. HOWELL,

                     Defendants.

OPINION AND ORDER

17-cv-500-wmc

---

*Pro se* plaintiff Cortez Toliver, a prisoner at Waupun Correctional Institution ("Waupun"), is proceeding in this lawsuit against defendants Amy Gunderson, Captain Tritt, Captain Larson, Ludvigson, Dr. Manlove, M. Howell, Gail Waltz and Donna Larson, on Eighth Amendment deliberate indifference claims challenging their handling of his chronic plantar fasciitis. Before the court is defendants' motion pursuant to 28 U.S.C. § 1406(a) to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #20.) The court previously found that defendants established that venue is not proper under 28 U.S.C. § 1391(b)(2). However, since defendants' motion did not address whether venue could have been proper under § 1391(b)(1), the court allowed defendants to supplement their motion with evidence related to their residencies. (Dkt. #25.) Having reviewed defendants' supplemental evidence, the court confirms that venue is improper in this district, and will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

OPINION

Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In considering the residencies of "natural persons, the courts consider the district of residence at the time the action is commenced, and not when the claim arose." 14D Wright & Miller, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3805 (Aug. 2019 update).

Defendants Ludvigson, Gunderson, Waltz and Howell each provided declarations attesting where they currently live and where they lived as of June 27, 2017, when Toliver filed his complaint. Ludgivson lived in Winnebago County, and still lives there; Gunderson and Waltz lived in Fond du Lac County, and still live there; and Howell lived in Dodge County, and still lives there. (Ludvigson Decl. (dkt. #29) ¶¶ 4-5; Gunderson (dkt. #30) ¶¶ 4-5; Waltz Decl. (dkt. #31) ¶¶ 4-5; Howell Decl. (dkt. #33) ¶¶ 4-5.) Additionally, Waupun Correctional Institution employee Yana Pusich submitted a declaration attesting that: defendants Kyle Tritt and Donna Larson live in Winnebago County, and lived there when Toliver filed his complaint on June 27, 2017; defendant Dr. Manlove lives in Fond du Lac County, and lived there when Toliver filed his complaint; defendant Jeremiah

2

Larson lives in Dodge County, and lived there when Toliver filed his complaint. (Pusich Decl. (dkt. #32) ¶¶ 4-10.) Winnebago, Fond du Lac and Dodge Counties all lie within the Eastern District of Wisconsin.

Since Toliver does not dispute defendants' representations about their residencies, the court concludes that venue is not proper in this district under § 1391(b)(1). Finding that the interests of justice will be served by transferring this case to the Eastern District of Wisconsin, the court will grant defendants' motion and transfer this case.

## ORDER

IT IS ORDERED that:

1) Defendants Gunderson, Howell, Larson, Donna Larson, Ludvigson, Manlove, Tritt and Waltz's motion to dismiss or transfer venue (dkt. #20) is GRANTED.
2) This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 6th day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge